# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RONALD A. SCHIAVO,
    Petitioner,

v.

SCOTT ERFE,
    Respondent.

No. 3:17-cv-2108 (VAB)

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

On December 19, 2017, Ronald A. Schiavo ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction of manslaughter in the first degree with a firearm. Pet., ECF No. 1. One month later, Mr. Schiavo filed two motions to appoint counsel to represent him in his petition. ECF Nos. 7, 8. The Court denied both motions without prejudice because the record, which consisted of only a petition, was insufficient to determine whether Mr. Schiavo's claims passed the test of likely merit to warrant the appointment of counsel under *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173–74 (2d Cir. 1989) and *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). *See* Ruling of Mot. to Appoint Counsel at 2, ECF No. 9. Scott Erfe ("Repondent") has since moved to dismiss the petition on the ground that Mr. Schiavo has failed to exhaust his state court remedies with respect to all claims raised in the petition. Mot. to Dismiss, ECF No. 20. Mr. Schiavo's response to the motion to dismiss is due on April 19, 2018. *See* Order, ECF No. 23.

On March 28, 2018, Mr. Schiavo moved for reconsideration of the Order denying his previous motions to appoint counsel. Mot. for Recons. of Mot. for Appointment of Counsel ("Mot. for Recons."), ECF No. 24. He argues that (1) his claims are meritorious, (2) he does not have access to law library, and (3) he has found an attorney willing to represent him in his case. The Court interprets this motion as a third motion for appointment of counsel, and for the following reasons, the motion is denied without prejudice.

Under 42 U.S.C. § 1915(e)(1), the Court may request an attorney to represent a person unable to afford counsel, and may "exercise substantial discretion in deciding whether to appoint counsel . . . ." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003). The Second Circuit has cautioned the district courts against the "routine appointment of counsel." *Cooper*, 877 F.2d at 173–74. Before the appointment of counsel is considered, the indigent movant must establish that he is unable to obtain counsel and his claim must pass the test of likely merit. *Id.* at 173; *Hodge*, 802 F.2d at 61. Under that test, the Court must consider the merits of the claim and determine whether the movant's position "seems likely to be of substance." *Hodge*, 802 F.2d at 61. "[E]ven where the claim is not frivolous, counsel is often unwarranted where the [movant's] chances of success are extremely slim." *Cooper*, 877 F.2d at 171. If the movant's claim passes the test of likely merit, the Court should then consider other factors bearing on the need for appointment of counsel, including (1) the movant's ability to investigate the factual issues of the case, (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, (3) the movant's apparent ability to present the case, and (4) the complexity of the legal issues. *Hodge*, 802 F.2d at 61–62.

Appointment of *pro bono* counsel for Mr. Schiavo is not warranted at this time. Respondent's motion to dismiss asserts that Mr. Schiavo failed to exhaust his state court remedies, and Respondent has attached to the motion the relevant records from Mr. Schiavo's direct appeal and state habeas petitions. Mr. Schiavo has not shown an inability to review the motion to dismiss and its supporting exhibits or an inability to explain in a written memorandum whether he has fully exhausted his state court remedies with respect to all of his claims.

The Court therefore will not consider the merits of Mr. Schiavo's claims now, and instead denies Mr. Schiavo's motion without prejudice to re-filing if he can show an inability to review the motion to dismiss and its exhibits without counsel.[1] Mr. Schiavo's motion for reconsideration, ECF No. 24, which the Court interprets as a third motion to appoint counsel, therefore is denied without prejudice to refiling after a ruling on the motion to dismiss.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of May, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Schiavo also claims that Attorney Dante R. Gallucci is "willing to be counsel in [his] habeas," but Mr. Schiavo has not established that Mr. Gallucci would be unable to represent Mr. Schiavo absent an order appointing counsel.