# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RONALD A. SCHIAVO,

    *Petitioner*,

v.

SCOTT ERFE,

    *Respondent*.

No. 3:17-cv-2108 (VAB)

**RULING ON RESPONDENT'S MOTION TO DISMISS THE
PETITION FOR WRIT OF HABEAS CORPUS**

On December 19, 2017, Ronald A. Schiavo ("Petitioner"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction for first-degree manslaughter with a firearm, in violation of Conn. Gen. Stat. § 53a-55a(a), and arguing that, in the trial court, there were erroneous jury instructions, prosecutorial misconduct, and ineffective assistance of counsel. Pet., ECF No. 1.

Warden Scott Erfe ("Respondent") has moved to dismiss the petition, arguing that Mr. Schiavo failed to exhaust his state court remedies with respect to all of his claims. Resp't Mot. to Dismiss, ECF No. 20. He argues that all but one of Mr. Schiavo's seven claims of prosecutorial impropriety have not been exhausted by the state's highest court. Mem. of Law in Supp. of Resp't Mot. to Dismiss, ECF No. 20-1.

In response, Mr. Schiavo argues that he complied with the exhaustion requirement and any failure to do so was the fault of the state courts. Pet'r Resp. to Resp't Mot. to Dismiss at 1–13 ("Pet'r Resp."), ECF No. 28. He also contends that any attempt to exhaust his claims further

would be futile. *Id.* at 13–17. Alternatively, Mr. Schiavo argues that if the Court agrees with Mr. Erfe, it should permit his petition to proceed on the exhausted claims. *Id.* at 18.

For the reasons stated below, the Court agrees that Mr. Schiavo has failed to fully exhaust his state court remedies with respect to all claims in his petition. Defendant's motion to dismiss therefore is **GRANTED** and the petition is **DISMISSED** without prejudice.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2002, a jury convicted Mr. Schiavo of first-degree manslaughter with a firearm. Pet. at 2.

Mr. Schiavo appealed, arguing that the trial court erred because "(1) the jury charge was improper and (2) he was deprived of a fair trial due to prosecutorial misconduct." *State v. Schiavo*, 93 Conn. App. 290, 292 (2006). He argued that the jury instructions were improper because the Court "improperly instructed the jury on the (1) return of property exception to self-defense and (2) duty to retreat exception to self-defense." *Id.* at 295. He also claimed that prosecutorial impropriety deprived him of a fair trial. *Id.* at 300. The specific instances of impropriety alleged on direct appeal included the following: (1) remarks at the beginning of summation, asking "how . . . we measure a life?" which appealed to the jury's emotions; and (2) cross-examination of Mr. Schiavo which implied that he was changing his testimony from that given at his first trial. *Id.* at 303–06.

The Connecticut Appellate Court rejected Mr. Schiavo's claims and affirmed the trial court's judgment. *Schiavo*, 93 Conn. App. at 295–308. On March 14, 2006, the Connecticut Supreme Court denied his petition for certification to review the Appellate Court's decision. *State v. Schiavo*, 277 Conn. 923 (2006).

While his direct appeal was pending, Mr. Schiavo filed a petition for a new trial, claiming that the State of Connecticut ("State") violated the rules of discovery by failing to disclose correspondence from him to third parties, correspondence confiscated by Department of Correction officials. *State v. Schiavo*, No. CR00288078, 2003 WL 1994141 (Conn. Super. Ct. Feb. 19, 2003). The Superior Court rejected the petition on the merits, *id.*, and Mr. Schiavo did not appeal the decision.

On May 11, 2006, Mr. Schiavo filed his first petition for writ of habeas corpus in state court. Record from First State Habeas at 4, Resp't Ex. I, ECF No. 20-10. He claimed ineffective assistance of counsel because counsel failed to call an expert in the field of crime scene reconstruction to challenge the State's forensic evidence, as well as other defense witnesses and failed to file the petition for new trial properly on the discovery issue. *Id.* at 7–8. He also re-asserted the prosecutorial impropriety claim he raised in his petition for a new trial and raised a new claim that the prosecutor improperly "intimidated and threatened potential witnesses including John Cromer, Amy DeMayo, and Carla Barbera." *Id.* at 18. The state habeas court denied the petition in a written memorandum of decision, finding no merit to any of Mr. Schiavo's claims. *Schiavo v. Warden*, No. TSRCV0604001086S, 2012 WL 4122911 (Conn. Super. Ct. Sep. 20, 2012).

On appeal from the state habeas court's decision, Mr. Schiavo raised only one claim: that the habeas court erred in finding that trial counsel was not ineffective for failing to procure a crime scene reconstruction expert. Pet'r Br. from First Habeas Case at 3, ECF No. 20-11. The Connecticut Appellate Court affirmed the habeas court's judgment in a *per curiam* decision. *Schiavo v. Comm'r of Corr.*, 148 Conn. App. 905 (2014). The Connecticut Supreme Court

denied Mr. Schiavo's petition for certification to appeal the Appellate Court's decision. *Schiavo v. Comm'r of Corr.*, 311 Conn. 946 (2014).

While his first state habeas proceeding was pending on appeal, Mr. Schiavo filed a second petition for writ of habeas corpus in state court. *Schiavo v. Warden*, No. TSR-CV12-4004954-S (Conn. Super. Ct. Sep. 10, 2012), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV124004954S. In the second petition, he claimed that counsel from his first state habeas proceeding was ineffective for (1) failing to raise a claim of ineffective assistance of trial counsel based on the failure to call John Cromer as a witness for the defense, and (2) failing to provide the crime scene expert with sufficient information to bolster his credibility during the first habeas trial. *See Schiavo v. Warden*, No. TSRCV124004954S, 2015 WL 1867887 (Conn. Super. Ct. Mar. 31, 2015). The state habeas court denied the second petition, finding no deficient performance on the part of first habeas counsel. *Id.* Thereafter, the Connecticut Appellate Court issued a *per curiam* decision denying Mr. Schiavo's appeal from the second habeas court decision. *Schiavo v. Comm'r of Corr.*, 170 Conn. App. 901 (2016). On March 15, 2017, the Connecticut Supreme Court denied the petition for certification to appeal the Appellate Court's decision. *Schiavo v. Comm'r of Corr.*, 325 Conn. 903 (2017).

Approximately nine months later, Mr. Schiavo filed his § 2254 petition in this Court.

## II. STANDARD OF REVIEW

A petition for writ of habeas corpus challenging a state court conviction under § 2254 will be considered, only if the petitioner claims that his custody violates the Constitution or federal laws. *See* 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in this Court. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In

conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States."). The petitioner must establish that the state court's adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Clearly established federal law is found in holdings, not dicta, of the United States Supreme Court at the time of the state court's decision. *See Howes v. Fields*, 565 U.S. 499, 505 (2012); *Carey v. Musladin*, 549 U.S. 70, 74 (2006). A decision is "contrary to" clearly established federal law when it applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies United States Supreme Court law when it has correctly identified the law but unreasonably applies that law to the facts of the case, or refuses to extend a legal principle clearly established by the Supreme Court to circumstances intended to be encompassed by the principle. *See Davis v. Grant*, 532 F.3d 132, 140 (2d Cir. 2008).

A prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The Second Circuit requires the court to conduct a two-part inquiry to determine exhaustion. First, the petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have used all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir. 2005).

5

Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); *see* 28 U.S.C. § 2254(b)(1)(B). The petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez*, 394 F.3d at 72–74.

The Second Circuit has held that a court, when confronted with a "mixed petition" containing both exhausted and unexhausted habeas claims, has discretion either to dismiss the petition in its entirety or dismiss only the unexhausted claims and stay the balance of the petition. *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001). In some cases, as in *Zarvela*, a stay of the petition is more appropriate because "an outright dismissal 'could jeopardize the timeliness of a collateral attack.'" *Id.* at 380 (quoting *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000)); *see also Duncan v. Walker*, 533 U.S. 167, 181 (2001) (pendency of first federal habeas petition did not toll limitations period under 28 U.S.C. § 2254(d)(2)).

More recently, however, the United States Supreme Court held that staying a mixed petition "decreas[es] a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition," and permits a petitioner to delay resolution of his federal proceedings. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court therefore cautioned that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

As an alternative to staying the petition, the district court may dismiss the petition in its entirety without prejudice to re-opening after completing the exhaustion process. *See Fine v. Erfe*, No. 3:17-cv-531 (AWT), 2017 WL 1362682, at *4 (D. Conn. Apr. 11, 2017) ("Rather than staying this case, the court will dismiss without prejudice to reopening the case after completion

of the exhaustion process."). This approach provides the same protection as an order staying the petition and ensures that the new petition will not be procedurally barred. *Id.*; *see also Abrahams v. Comm'r of Corr.*, No. 3:10-cv-519 (MRK), 2010 WL 5093113, at *5 (D. Conn. Dec. 8, 2010) (dismissing mixed petition without prejudice for failure to exhaust is not adjudication on merits that renders subsequent petition successive).

## III. DISCUSSION

In this petition, Mr. Schiavo raises three issues: (1) that trial court error in instructing the jury on self-defense, particularly the return of property and duty to retreat exceptions; (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel based on the failure to call a crime scene expert. Pet. at 9–80. There is no dispute that the first and third grounds for relief have been fully exhausted in state court.[1]

With respect to the second ground for relief, the petition alleges seven instances of prosecutorial impropriety: (1) failure to disclose correspondence obtained by the Department of Correction before sentencing; (2) improper questioning of Carla Barbera about the gun used during the crime; (3) improper cross-examination of Arllin Collier; (4) improper cross-examination of Mr. Schiavo to damage his credibility; (5) improper argument during summation on the issue of self-defense; (6) improper attempt to vouch for the state's witnesses' credibility during summation; and (7) improper appeal to the jury's emotions during summation. Pet. at 24–43.

---

[1] Mr. Schiavo raised the instructional error claims on direct appeal, which the Connecticut Appellate Court addressed. *Schiavo*, 93 Conn. App. at 295–300. He raised the ineffective assistance of trial counsel claim in his first state habeas proceeding and on appeal from that proceeding. *Schiavo*, 148 Conn. App. 905.

Mr. Schiavo raised the first prosecutorial impropriety issue in his petition for new trial and in his first state habeas proceeding. *Schiavo*, 2003 WL 1994141; *Schiavo*, 2012 WL 4122911. He did not, however, appeal the denial of his petition for new trial, and his appeal from his first state habeas proceeding did not include a claim regarding the pre-sentence discovery issue. To properly exhaust a claim in state court, Mr. Schiavo must present the claim to the highest state court for adjudication. *See Galdamez*, 394 F.3d at 73–74. His failure to (1) appeal the state court decision denying his petition for new trial or (2) include on appeal from his first state habeas proceeding a claim that the prosecutor violated his right to a fair trial by failing to disclose the correspondence obtained by the Department of Correction therefore renders this claim unexhausted.

The second and third claims of prosecutorial impropriety were not raised on direct appeal. Although in his first state habeas proceeding, Mr. Schiavo alleged that the prosecutor "intimidated and threatened potential witnesses including John Cromer, Amy DeMayo, and Carla Barbera," Resp't Ex. I at 18, he did not address the specific errors regarding the questions the prosecutor posed to Barbera and Collier. Even if he did, he failed to raise either of these claims on appeal from his first state habeas proceeding. The second and third prosecutorial claims therefore are also unexhausted.

Mr. Erfe does not dispute that Mr. Schiavo fully exhausted the impropriety claim regarding the prosecutor's cross-examination of him during trial. The Court agrees that Mr. Schiavo exhausted this claim on direct appeal from his conviction. *See Schiavo*, 93 Conn. App. at 303–06.

The fifth and sixth impropriety claims have never been raised in any of Mr. Schiavo's post-conviction state court proceedings. Although he raised claims of prosecutorial impropriety

8

in some of those proceedings, none concerned the prosecutor's arguments during summation on self-defense or the credibility of her own witnesses. The fifth and sixth impropriety claims therefore are unexhausted.

As for the seventh impropriety claim—that the prosecutor attempted to appeal to the jury's passions and emotions—Mr. Schiavo relies on four different portions of the prosecutor's summation: (a) the beginning of the prosecutor's summation where she asks the jury, "How do we measure a life?"; (b) an argument that Mr. Schiavo was "bragging" about killing the victim; (c) commenting on Mr. Schiavo's history with drugs; and (d) commenting on Mr. Schiavo's possession of a gun. Pet. at 41–42. Mr. Schiavo addressed the first portion of the prosecutor's summation on direct appeal. *See* Resp't Ex. B at 41–42; *Schiavo*, 93 Conn. App. at 903–04. He did not, however, address any of the three remaining arguments on direct appeal, in his petition for new trial, or in either of his two state habeas proceedings. The seventh impropriety claim therefore is exhausted, to the extent it challenges the prosecutor's remarks at the beginning of her closing argument asking about "[h]ow [to] measure a life?," but is unexhausted with respect to the other three portions of summation addressed in the instant petition.

The Court has considered Mr. Schiavo's arguments in opposition to the motion to dismiss, but disagrees with them. First, he argues that he complied with exhaustion simply by raising a prosecutorial impropriety claim on direct appeal and that Mr. Erfe improperly divided his impropriety claim into seven sub-claims. Pet'r Resp. at 4. It is well-established, however, that, to properly exhaust a claim, a petitioner must present the factual and legal bases of the claim to the highest state court for adjudication. *See Galdamez*, 394 F.3d at 73–74; *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc); *see also Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994) ("petitioner's claims must be fairly presented so that the state has the

9

opportunity to correct any alleged constitutional violations"). The prosecution did not have an opportunity to respond to, and the state court did not have an opportunity to rule on, the majority of Mr. Schiavo's impropriety claims. Furthermore, the petition, and not Mr. Erfe's motion, presents seven separate claims of prosecutorial impropriety. Pet. at 24–43.

Mr. Schiavo also appears to argue that Connecticut's standard of review of prosecutorial impropriety claims, which requires the reviewing court to view the alleged impropriety "within the context of the entire trial," *Schiavo*, 93 Conn. App. at 301 (quoting *State v. Spencer*, 275 Conn. 171, 177–79 (2005)), creates an obligation on the part of the state courts to review the entire record and identify all potential instances of prosecutorial impropriety. Pet'r Resp. at 5–12. He misconstrues the standard. The standard of review is how the court reviews each claim presented by the claimant, which on direct appeal was Mr. Schiavo. It is the duty of the appellant on direct appeal and the petitioner in a habeas corpus proceeding to present all of the claims to the court. *See Jordan v. Lefevre*, 206 F.3d 196, 198–99 (2d Cir. 2000) ("Arguing a single claim at length and making only passing reference to possible other claims to be found in the attached briefs does not fairly apprise the state court of those remaining claims."). Mr. Schiavo's exhaustion argument thus fails.

Finally, Mr. Schiavo argues that it would be futile to return to state court to raise his unexhausted prosecutorial impropriety claims. Pet'r Resp. at 12–20. The Court disagrees. Mr. Schiavo could petition the state court for a writ of habeas corpus on the grounds that appellate counsel was ineffective to raise these additional claims of prosecutorial impropriety on direct appeal or that the first habeas counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel, based on the failure to object and/or move for a new trial because of these improprieties. Although Mr. Schiavo may be correct that the state court may reject such a

petition as procedurally barred, the Court will not speculate on how the state court will decide such claims.

**IV.     CONCLUSION**

Mr. Erfe's motion to dismiss is **GRANTED**.

The Court concludes that Mr. Schiavo has failed to exhaust all of the claims in his § 2254 petition. The Court therefore **DISMISSES** the petition without prejudice subject to re-opening after Mr. Schiavo has exhausted his claims.

Alternatively, Mr. Schiavo may waive all unexhausted claims in his petition, which include prosecutorial impropriety claims 1, 2, 3, 5, 6, 7(b), 7(c), and 7(d), as explained above, by filing a motion to re-open the case with an attached amended petition raising only the exhausted claims. Mr. Schiavo is advised, however, that doing so may prevent him from raising unexhausted claims in any successive petition filed in this Court.

The Clerk of the Court is directed to enter a judgment of dismissal and close this case. Mr. Schiavo may file a motion to re-open the case and attach an amended petition upon completion of the exhaustion process. Alternatively, he may move to re-open the case and attach an amended petition withdrawing any unexhausted claims.

SO ORDERED at Bridgeport, Connecticut this 21st day of June, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE